IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYOSON JOIEL SUGGS,

    Petitioner,                               No. 02:09-cv-2590 KJN P

    vs.

STEPHEN W. MAYBERG, DIRECTOR,
ATASCADERO STATE PRISON,[1]

    Respondents.                     ORDER
_____/

        Petitioner is a state prisoner proceeding without counsel who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on a challenge to his 1996 conviction in Sacramento County Superior Court for possession of narcotics and carrying a loaded weapon. It appears that petitioner has exhausted his state court remedies. For the reasons set forth below, the court will order service of the original petition.

---

[1] A petition for habeas corpus relief must name as respondent the state officer having custody of petitioner, typically the warden of the prison in which the petitioner is incarcerated. Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), Rules Governing Proceedings under 28 U.S.C. § 2254 ("[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody").) Failure to name as a respondent the petitioner's custodian deprives the federal court of personal jurisdiction. Id. In the instant action, petitioner improperly named the People of the State of California as respondent in his original petition, and then improperly identified the custodian of Atascadero State Hospital, where petitioner is currently confined. Since the petition is otherwise complete, the court now substitutes in, as respondent, the director of Atascadero State Hospital.

On November 5, 2009, this court granted petitioner's application to proceed in forma pauperis, and dismissed the original petition with leave to file, within thirty days, an amended petition naming the proper respondent. Docket No. 9.

On November 18, 2009, petitioner informed the court that after filing this action he had been transferred from Folsom State Prison to Corcoron State Prison, and then to Atascadero State Hospital, where he is now confined. Docket Nos. 10, 1, 5, 6. Petitioner identified (improperly) Atascadero Executive Director Jon DeMorales as the respondent, and requested the court's assistance in obtaining his property (including reading glasses and legal papers) from Corcoran State Prison. Docket No. 10.

On November 23, 2009, petitioner filed a copy of a subpoena seeking information from Old Folsom State Prison. Docket No. 11. On February 3, 2010, petitioner requested the "renewal" of his subpoenas, asked the court to "pick up" a suspect at Old Folsom State Prison, and notes other cases petitioner has filed in this court (challenging different convictions). Docket No. 12. Also on February 3, 2010, petitioner again requested assistance in pursuing a subpoena and the arrest of a suspect, and renewed his request for appointment of counsel. Docket No. 13.

The court has reviewed the substance of petitioner's habeas petition. Because petitioner may be entitled to relief if the claimed violation of constitutional rights is proved, the court has substituted in the proper respondent, who will be directed to file a response.

Petitioner's "motion" seeking the court's assistance in obtaining his property from Corcoran State Prison (Docket No. 10) appears moot, as it was filed mid-November 2009, and petitioner has since filed three legal documents in this case. The motion will therefore be denied without prejudice.

Petitioner seeks an order of this court authorizing service by the U.S. Marshal of petitioner's subpoena duces tecum upon named individuals at Old Folsom State Prison. Docket No. 11. However, review of the subpoena indicates that the named individuals may be alleged suspects in the commission of a crime, rather than prison officials. Docket No. 11. The court

will therefore deny petitioner's service request without prejudice to petitioner submitting a properly completed subpoena.

Finally, petitioner again requests appointment of counsel. Docket No. 13. For the reasons previously stated by the court, <u>see</u> Docket No. 8, the court again finds that the interests of justice do not require appointment of counsel at this stage of the proceedings. <u>See</u> 18 U.S.C. § 3006A; Rule 8(c), Rules Governing Section 2254 Cases.

Accordingly, IT IS HEREBY ORDERED that:

1. The November 5, 2009, order dismissing petitioner's original petition for writ of habeas corpus (Docket No. 9), is vacated;

2. Respondent is directed to file a response to petitioner's habeas petition within sixty days from the date of this order. <u>See</u> Rule 4, Fed. R. Governing § 2254 Cases. An answer shall be accompanied by all transcripts and other documents relevant to the issues presented in the petition. <u>See</u> Rule 5, Fed. R. Governing § 2254 Cases;

3. If the response to the habeas petition is an answer, petitioner's reply, if any, shall be filed and served within twenty-eight days after service of the answer;

4. If the response to the habeas petition is a motion, petitioner's opposition or statement of non-opposition to the motion shall be filed and served within twenty-eight days after service of the motion, and respondents' reply, if any, shall be filed and served within fourteen days thereafter;

5. Petitioner's requests for an order of this court directing the U.S. Marshal to serve petitioner's subpoena duces tecum (Dockets 11, 12), are denied without prejudice.

6. Petitioner's "motion" seeking this court's assistance in obtaining his property from Corcoran State Prison (Docket No. 10), is denied without prejudice.

7. The Clerk of the Court shall serve a copy of this order, the consent/ reassignment form contemplated by Appendix A(k) to the Local Rules of this court, and a copy

////

of the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on Michael Patrick Farrell, Senior Assistant Attorney General.

DATED: February 16, 2010

/s/ Kendall J. Newman
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sugg2590.100 +