IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYOSON JOIEL SUGGS,

    Petitioner,                                  No. 02:09-cv-2590 KJN P

    vs.

STEPHEN W. MAYBERG, DIRECTOR,
ATASCADERO STATE PRISON,

    Respondents.                               <u>ORDER</u>

                                      /

        Petitioner is a state prisoner proceeding without counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On April 19, 2010, respondent filed a motion to dismiss this action.  Petitioner has not filed an opposition to the motion.  Local Rule 230(*l*) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."

        Good cause appearing, IT IS HEREBY ORDERED that petitioner show cause, within twenty-one days, why his failure to oppose respondent's April 19, 2010 motion to dismiss should not be deemed a waiver of any opposition to the granting of the motion, and shall file

////

1 such opposition.[1]  Petitioner is cautioned that failure to respond to the instant order, or to file an
2 opposition to the pending motion to dismiss, will result in a recommendation that this action be
3 dismissed.

4         SO ORDERED.

5 DATED:  June 18, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

11 sugg2590.46h.osc

---

[1] The court notes that service of the motion to dismiss was addressed to petitioner at California State Prison– Sacramento ("CSP-S"), P. O. Box 290002, Represa CA 95671-0002, which is the proper mailing address for CSP-S. (Dkt. No. 20, at 9.) However, plaintiff filed a notice of change of address which set forth the same address with the exception of the postal box number, which he identified as P.O. Box 290066. (Dkt. No. 21.) Because this difference is minor in light of established institutional procedures for processing mail to prisoners who are often moved within each facility, and service of the motion to dismiss was properly addressed (including its identification of petitioner by his inmate number), the court does not, at present, identify a problem in service.