IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON JOIEL SUGGS,

    Petitioner,                                          No. 02:09-cv-2590 KJN P

    vs.

JAMES WALKER, Warden,[1]

    Respondent.                                 <u>ORDER</u>

_____/

        Petitioner is a state prisoner proceeding without counsel who seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, based on a challenge to his 1996 conviction. Both petitioner and respondent filed consents to the jurisdiction of the magistrate judge for all purposes. (Dkt. Nos. 4, 18.) On April 19, 2010, respondent moved to dismiss the petition for lack of jurisdiction on the ground that the petition was filed beyond the one-year statute of limitations contained in 28 U.S.C. § 2244(d), and is unexhausted pursuant to 28 U.S.C. § 2254(b). (Dkt. No. 20.)

---

[1] Petitioner is now incarcerated at California State Prison-Sacramento where James Walker is Warden. Accordingly, James Walker is substituted as respondent in this matter. <u>See</u> Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts ("the petition must name as respondent the state officer who has custody"); <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994).

1  Petitioner did not respond to the motion to dismiss.  On June 21, 2010, this court
2 ordered petitioner to show cause why his failure to respond should not be deemed a waiver of his
3 opposition to the motion, and directed petitioner to file such opposition.  (Dkt. No. 23.)  In
4 response, petitioner filed a motion to withdraw his consent to the jurisdiction of the magistrate
5 judge.  (Dkt. No. 24.)  On July 12, 2010, the undersigned denied petitioner's motion.  (Dkt. No.
6 27.)

7  To date, petitioner has not responded to the court's order to show cause nor has he
8 filed an opposition to respondent's motion to dismiss.  The court will therefore construe
9 petitioner's failure to respond as a waiver of any opposition to the granting of respondent's
10 motion.  See E.D. Cal. L.R. ("Local Rule") 230(*l*) ("Failure of the responding party to file an
11 opposition or to file a statement of no opposition may be deemed a waiver of any opposition to
12 the granting of the motion and may result in the imposition of sanctions.").

13  Accordingly, IT IS HEREBY ORDERED that:

14  1. Respondent's motion to dismiss (Dkt. No. 20) petitioner's habeas corpus
15 petition is granted; and

16  2. The Clerk of Court is directed to close this case.

17  SO ORDERED.

18 DATED: September 9, 2010

22  _____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

23 sugg2590.dism