IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TYSON JOIEL SUGGS,

    Petitioner,                       No. 2:09-cv-2590 KJN P

    vs.

VIMAL SINGH, Warden,

    Respondent.                  ORDER

_____/

        Petitioner is a state prisoner proceeding without counsel with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Both parties consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). On April 20, 2012, the court ordered petitioner to file an opposition to respondent's motion to dismiss within twenty-one days. Twenty-one days have now passed, and petitioner has not filed further opposition to respondent's motion to dismiss. As petitioner was previously informed, Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ."

        Respondent contends, inter alia, that the instant petition is time-barred.

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

III. <u>Chronology</u>

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. On April 19, 2000, petitioner's probation was revoked, and he was sentenced to three years in state prison. On July 21, 2000, the California Court of Appeal, Third Appellate District, dismissed petitioner's appeal as non-operable.

2. On November 8, 2004, petitioner filed a petition for post-conviction relief in the California Court of Appeal, which was denied on November 10, 2004.

3. Petitioner subsequently filed six additional petitions for writs of habeas

////

////

corpus.[1]

        4. Petitioner filed the instant action on September 16, 2009.

As noted above, it is undisputed that no operable appeal was filed. Therefore, the April 19, 2000 state court judgment became final on June 18, 2000, the final day on which a notice of appeal was due. Cal. R. Ct. 30.1 (West 2001). The AEDPA statute of limitations period began to run the following day, on June 19, 2000. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). The limitations period ran from June 19, 2000, through June 18, 2001, on which date the limitations period expired.

On November 8, 2004, petitioner filed his first state habeas petition. However, by that date, the federal statute of limitations period had expired. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001). Therefore, petitioner's state habeas petitions have no effect on calculation of the limitations period.

The instant petition was not filed until September 16, 2009, over eight years after the statute of limitations period expired. Accordingly, this action is time-barred unless petitioner can demonstrate that he is entitled to equitable tolling.

In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances." To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S.

---

[1] Given the delay in filing between petitioner's sentence and his first state court petition, the court need not specify the date petitioner provided the filing to prison authorities for mailing. Houston v. Lack, 487 U.S. 266 (1988). Moreover, because petitioner's first habeas petition was filed after the statute of limitations period expired, the court will not articulate each subsequent state court filing.

408, 418 (2005).  It is petitioner's burden to show he is entitled to equitable tolling.  <u>Espinoza-Matthews v. People of the State of California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).  "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule."  <u>Spitsyn v. Moore</u>, 345 F.3d 796, 799 (9th Cir. 2003) (citation omitted).

        Petitioner did not address the issue of the statute of limitations period or equitable tolling in his partial opposition (dkt. no. 34), and failed to file further opposition as ordered by the court on April 20, 2012.  The petition does not reveal any facts supporting equitable tolling, particularly for the lengthy eight year period petitioner delayed in bringing the instant action.  Thus, it does not appear petitioner can demonstrate diligence.  The court finds this action time-barred; respondent's motion to dismiss is granted.

        Accordingly, IT IS HEREBY ORDERED that respondent's April 19, 2010 motion to dismiss (dkt. no. 20) is granted, and this action is dismissed.

DATED:  May 29, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

sugg2590.dsm